IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,

       Plaintiff,

v.

AMMON BUNDY, JON RITZHEIMER,
JOSEPH O'SHAUGHNESSY, RYAN
PAYNE, RYAN BUNDY, BRIAN
CAVALIER, SHAWNA COX, PETER
SANTILLI, JASON PATRICK,
DUANE LEO EHMER, DYLAN
ANDERSON, SEAN ANDERSON,
DAVID LEE FRY, JEFF WAYNE
BANTA, SANDRA LYNN ANDERSON,
KENNETH MEDENBACH, BLAINE
COOPER, WESLEY KJAR, COREY
LEQUIEU, NEIL WAMPLER, JASON
CHARLES BLOMGREN, DARRYL
WILLIAM THORN, GEOFFREY
STANEK, TRAVIS COX, and ERIC
LEE FLORES,

       Defendants.

3:16-cr-00051-BR

ORDER DESIGNATING CASE
AS COMPLEX

BROWN, Judge.

    This matter comes before the Court on the government's

Motion (#185) to Declare Case Complex, Vacate Dates, Set Status

Hearing, and Exclude Time Under Speedy Trial Act.  The government

1 - ORDER DESIGNATING CASE AS COMPLEX

moves for a designation of this matter as a complex case pursuant to the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(B)(ii).

For the reasons that follow, the Court **GRANTS** the government's Motion, **DECLARES** this case to be complex under 18 U.S.C. § 3161(h)(7)(B)(ii) and § 3161(h)(7)(B)(iii), and **FINDS** excludable delay for all Defendants through **April 6, 2016**, at which time the Court will set a firm trial date and find a further period of excludable delay based on the parties' representations regarding a discovery schedule, the parties' proposals for pretrial motions, and the parties' proposals for summonsing and selecting a jury.

## DISCUSSION

The Speedy Trial Act, 18 U.S.C. § 3161, requires a criminal defendant to be tried within 70 days of arraignment unless certain exceptions apply.  18 U.S.C. § 3161(c)(1).  Among other exceptions to the 70-day rule, however, the Speedy Trial Act also provides for excludable delay from the 70-day requirement due to the complexity of the case because such a delay serves the "ends of justice."  18 U.S.C. § 3161(h)(7).  *See also United States v. Lewis*, 611 F.3d 1172, 1175-76 (9th Cir. 2010).  In addition, "in a case in which arrest precedes indictment" the court may exclude time caused by a "delay in the filing of the indictment" when that delay "is caused because the arrest occurs at a time

2 - ORDER DESIGNATING CASE AS COMPLEX

such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex."  18 U.S.C. § 3161(h)(7)(B)(iii).

"A district court must satisfy two requirements when it grants an 'ends of justice' continuance under § 3161(h)(7): '(1) the continuance must be specifically limited in time; and (2) it must be justified on the record with reference to the facts as of the time the delay is ordered.'"  *Lewis*, 611 F.3d at 1176 (quoting *United States v. Lloyd*, 125 F.3d 1263, 1268 (9th Cir. 1997)).  The Court must conduct an

> appropriate inquiry to determine whether the various parties actually want and need a continuance, how long a delay is actually required, what adjustments can be made with respect to the trial calendars or other plans of counsel, and whether granting the requested continuance would "outweigh the best interest of the public and the defendants in a speedy trial."

*Lloyd*, 125 F.3d at 1269 (quoting 18 U.S.C. § 3161(h)(7)(A)).  In addition, if part of the delay is caused by the joinder of multiple defendants, the delay "must be analyzed separately under § 3161(h)(6) for reasonableness."  *Lewis*, 611 F.3d at 1176.

As noted, among the factors that the Speedy Trial Act permits a court to consider in finding excludable delay is:

> Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate

3 - ORDER DESIGNATING CASE AS COMPLEX

> preparation for pretrial proceedings or for the trial itself within the time limits established by this section.

18 U.S.C. § 3161(h)(7)(B)(ii).  A case may be deemed complex under the Speedy Trial Act on the basis that there are multiple co-defendants and/or charges; voluminous discovery; and counsel require additional time to conduct discovery, to file pretrial motions, and to prepare the matter for trial.  *See United States v. Butz*, 982 F.2d 1378, 1381 (9th Cir. 1993).  Ultimately, the court must determine whether the complexity of the case "outweigh[s] the interest of individual defendants and the continuance serve[s] 'the ends of justice.'"  *Butz*, 982 F.2d at 1381.  *See also Lewis*, 611 F.3d at 1176.

The Court concludes a designation of this matter as complex is appropriate.  This matter currently involves 26 Defendants, many of whom remain in custody, and that status necessarily slows and complicates preparation for pretrial motions and trial.  Moreover, the expected volume of discovery, litigating discovery disputes, and screening admissible evidence necessitates additional time for the parties and the Court to prepare for trial.  The procedural steps of preparing for trial, including the summonsing of a large jury pool and coordination of the schedules of witnesses, counsel, and the Court, create an overwhelming need for additional time to prepare for and to be ready for trial at a firm trial date.  Moreover, the nature of

the charges, the duration of the crimes alleged in this matter
(which span more than 40 days), and the distant location of the
crime scene all require the parties to have additional time to
gather and to analyze the evidence and to prepare for trial.
Finally, the Court notes the government's two initial volumes of
discovery consist of approximately 3,500 pages of materials
including only investigative reports, affidavits, and warrant
materials, and the government expects to provide a substantial
amount of additional discovery as it becomes available.  The
Court concludes each of these factors individually and in
combination, therefore, warrants a finding that this matter is
complex and justifies a finding of excludable delay under the
Speedy Trial Act.

    Until the Court has the benefit of the parties' proposals
regarding a discovery schedule, the parties' anticipated pretrial
motions, and the procedure and time needed for summonsing and
selecting a jury, the Court provisionally finds excludable delay
for all Defendants from the date of this Order through April 6,
2016.  Moreover, because, as noted, the Court considered the
joinder of a number of co-defendants in this matter as a reason
to find this matter is complex and, therefore, to justify a
period of excludable delay, the Court also finds this period of
excludable delay is reasonable under 18 U.S.C. § 3161(h)(6).  *See*
*Lewis*, 611 F.3d at 1176.

5 - ORDER DESIGNATING CASE AS COMPLEX

**<u>CONCLUSION</u>**

Accordingly, on this record the Court **GRANTS** the government's Motion (#185) to Declare Case Complex, Vacate Dates, Set Status Hearing, and Exclude Time Under Speedy Trial Act and concludes this case is complex pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii). The Court finds excludable delay from the date of this Order through April 6, 2016, at which time the Court will set a firm trial date and find a further period of excludable delay based on the parties' representations regarding a discovery schedule, the parties' proposals for pretrial motions, and the parties' proposals for summoning and selecting a jury.

The Court will confirm the anticipated further finding of excludable delay is also reasonable under § 3161(h)(6) after the Court has the benefit of the parties' respective proposals.

IT IS SO ORDERED.

DATED this 9th day of March, 2016.


/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge


6 - ORDER DESIGNATING CASE AS COMPLEX

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,                3:16-cr-00051-BR

          Plaintiff,                     ORDER DESIGNATING CASE
                                         AS COMPLEX
v.

AMMON BUNDY, JON RITZHEIMER,
JOSEPH O'SHAUGHNESSY, RYAN
PAYNE, RYAN BUNDY, BRIAN
CAVALIER, SHAWNA COX, PETER
SANTILLI, JASON PATRICK,
DUANE LEO EHMER, DYLAN
ANDERSON, SEAN ANDERSON,
DAVID LEE FRY, JEFF WAYNE
BANTA, SANDRA LYNN ANDERSON,
KENNETH MEDENBACH, BLAINE
COOPER, WESLEY KJAR, COREY
LEQUIEU, NEIL WAMPLER, JASON
CHARLES BLOMGREN, DARRYL
WILLIAM THORN, GEOFFREY
STANEK, TRAVIS COX, and ERIC
LEE FLORES,

          Defendants.


BROWN, Judge.

     This matter comes before the Court on the government's

Motion (#185) to Declare Case Complex, Vacate Dates, Set Status

Hearing, and Exclude Time Under Speedy Trial Act.  The government

1 - ORDER DESIGNATING CASE AS COMPLEX

moves for a designation of this matter as a complex case pursuant to the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(B)(ii).

For the reasons that follow, the Court **GRANTS** the government's Motion, **DECLARES** this case to be complex under 18 U.S.C. § 3161(h)(7)(B)(ii) and § 3161(h)(7)(B)(iii), and **FINDS** excludable delay for all Defendants through **April 6, 2016**, at which time the Court will set a firm trial date and find a further period of excludable delay based on the parties' representations regarding a discovery schedule, the parties' proposals for pretrial motions, and the parties' proposals for summonsing and selecting a jury.

## DISCUSSION

The Speedy Trial Act, 18 U.S.C. § 3161, requires a criminal defendant to be tried within 70 days of arraignment unless certain exceptions apply.  18 U.S.C. § 3161(c)(1).  Among other exceptions to the 70-day rule, however, the Speedy Trial Act also provides for excludable delay from the 70-day requirement due to the complexity of the case because such a delay serves the "ends of justice."  18 U.S.C. § 3161(h)(7).  *See also United States v. Lewis*, 611 F.3d 1172, 1175-76 (9th Cir. 2010).  In addition, "in a case in which arrest precedes indictment" the court may exclude time caused by a "delay in the filing of the indictment" when that delay "is caused because the arrest occurs at a time

2 - ORDER DESIGNATING CASE AS COMPLEX

such that it is unreasonable to expect return and filing of
the indictment within the period specified in section 3161(b),
or because the facts upon which the grand jury must base
its determination are unusual or complex."  18 U.S.C.
§ 3161(h)(7)(B)(iii).

"A district court must satisfy two requirements when it
grants an 'ends of justice' continuance under § 3161(h)(7):
'(1) the continuance must be specifically limited in time; and
(2) it must be justified on the record with reference to the
facts as of the time the delay is ordered.'"  *Lewis*, 611 F.3d at
1176 (quoting *United States v. Lloyd*, 125 F.3d 1263, 1268 (9th
Cir. 1997)).  The Court must conduct an

> appropriate inquiry to determine whether the various
> parties actually want and need a continuance, how long
> a delay is actually required, what adjustments can be
> made with respect to the trial calendars or other plans
> of counsel, and whether granting the requested
> continuance would "outweigh the best interest of the
> public and the defendants in a speedy trial."

*Lloyd*, 125 F.3d at 1269 (quoting 18 U.S.C. § 3161(h)(7)(A)).  In
addition, if part of the delay is caused by the joinder of
multiple defendants, the delay "must be analyzed separately under
§ 3161(h)(6) for reasonableness."  *Lewis*, 611 F.3d at 1176.

As noted, among the factors that the Speedy Trial Act
permits a court to consider in finding excludable delay is:

> Whether the case is so unusual or so complex, due to
> the number of defendants, the nature of the
> prosecution, or the existence of novel questions of
> fact or law, that it is unreasonable to expect adequate

> preparation for pretrial proceedings or for the trial
> itself within the time limits established by this
> section.

18 U.S.C. § 3161(h)(7)(B)(ii).  A case may be deemed complex
under the Speedy Trial Act on the basis that there are multiple
co-defendants and/or charges; voluminous discovery; and counsel
require additional time to conduct discovery, to file pretrial
motions, and to prepare the matter for trial.  *See United States
v. Butz*, 982 F.2d 1378, 1381 (9th Cir. 1993).  Ultimately, the
court must determine whether the complexity of the case
"outweigh[s] the interest of individual defendants and the
continuance serve[s] 'the ends of justice.'"  *Butz*, 982 F.2d at
1381.  *See also Lewis*, 611 F.3d at 1176.

The Court concludes a designation of this matter as complex
is appropriate.  This matter currently involves 26 Defendants,
many of whom remain in custody, and that status necessarily slows
and complicates preparation for pretrial motions and trial.
Moreover, the expected volume of discovery, litigating discovery
disputes, and screening admissible evidence necessitates
additional time for the parties and the Court to prepare for
trial.  The procedural steps of preparing for trial, including
the summonsing of a large jury pool and coordination of the
schedules of witnesses, counsel, and the Court, create an
overwhelming need for additional time to prepare for and to be
ready for trial at a firm trial date.  Moreover, the nature of

4 - ORDER DESIGNATING CASE AS COMPLEX

the charges, the duration of the crimes alleged in this matter (which span more than 40 days), and the distant location of the crime scene all require the parties to have additional time to gather and to analyze the evidence and to prepare for trial. Finally, the Court notes the government's two initial volumes of discovery consist of approximately 3,500 pages of materials including only investigative reports, affidavits, and warrant materials, and the government expects to provide a substantial amount of additional discovery as it becomes available. The Court concludes each of these factors individually and in combination, therefore, warrants a finding that this matter is complex and justifies a finding of excludable delay under the Speedy Trial Act.

Until the Court has the benefit of the parties' proposals regarding a discovery schedule, the parties' anticipated pretrial motions, and the procedure and time needed for summonsing and selecting a jury, the Court provisionally finds excludable delay for all Defendants from the date of this Order through April 6, 2016. Moreover, because, as noted, the Court considered the joinder of a number of co-defendants in this matter as a reason to find this matter is complex and, therefore, to justify a period of excludable delay, the Court also finds this period of excludable delay is reasonable under 18 U.S.C. § 3161(h)(6). *See Lewis*, 611 F.3d at 1176.

5 - ORDER DESIGNATING CASE AS COMPLEX

## CONCLUSION

Accordingly, on this record the Court **GRANTS** the government's Motion (#185) to Declare Case Complex, Vacate Dates, Set Status Hearing, and Exclude Time Under Speedy Trial Act and concludes this case is complex pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii).  The Court finds excludable delay from the date of this Order through April 6, 2016, at which time the Court will set a firm trial date and find a further period of excludable delay based on the parties' representations regarding a discovery schedule, the parties' proposals for pretrial motions, and the parties' proposals for summoning and selecting a jury.

The Court will confirm the anticipated further finding of excludable delay is also reasonable under § 3161(h)(6) after the Court has the benefit of the parties' respective proposals.

IT IS SO ORDERED.

DATED this 9th day of March, 2016.


/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge


6 – ORDER DESIGNATING CASE AS COMPLEX