```
                    IN THE UNITED STATES DISTRICT COURT

                          FOR THE DISTRICT OF OREGON
```

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | 3:16-cr-00051-BR |
| Plaintiff, | ORDER DENYING MOTIONS (#1210, #1240, #1241, #1246, #1249, #1264, #1268, #1269) FILED BY DEFENDANTS SHAWNA COX AND RYAN BUNDY |
| v. | |
| **RYAN BUNDY and SHAWNA COX,** | |
| Defendants. | |

**BROWN, Judge.**

This matter comes before the Court on eight Motions filed by Defendants Ryan Bundy and Shawna Cox during trial.

**I.  Defendant Ryan Bundy's Motion (#1210) for Pretrial Evidentiary Hearing to Determine Existence of Conspiracy and Defendant Shawna Cox's Motion (#1246) for Hearing Regarding Existence of Conspiracy**

Ryan Bundy and Shawna Cox filed substantively identical Motions for a hearing to determine the existence of a conspiracy. In those Motions Ryan Bundy and Cox contend this Court is required to hold a pretrial evidentiary hearing to establish by a preponderance of the evidence that statements introduced as co-conspirator statements under Federal Rule of Evidence 801(d)(2)(E) meet the requirements for a co-conspirator statement

1 -    ORDER DENYING MOTIONS (#1210, #1240, #1241, #1246, #1249, #1264, #1268, #1269) FILED BY DEFENDANTS SHAWNA COX AND RYAN BUNDY

made in furtherance of the alleged conspiracy.

The Court is not required to hold a separate evidentiary hearing outside of the presence of the jury to screen initially every statement introduced as a co-conspirator statement. *See United States v. Long*, 706 F.2d 1044, 1053 (9th Cir. 1983). *See also United States v. Tamez*, 941 F.2d 770, 774-75 (9th Cir. 1991). In this case the Court has already conducted a screening of many such statements that were raised by the parties before and during the Final Pretrial Conference. At trial the Court has and will continue to assess (if necessary outside of the presence of the jury) any proffered testimony to which any Defendant objects on the basis of hearsay to determine whether it is admissible as a statement of an alleged co-conspirator; *i.e.*, if the statement was made by an alleged member of the alleged conspiracy in furtherance thereof. Moreover, with the agreement of and as requested by the parties, the Court has instructed the jury periodically about the proper consideration of co-conspirator statements.

Accordingly, on this record the Court **DENIES** Ryan Bundy's Motion (#1210) for Pretrial Evidentiary Hearing to Determine Existence of Conspiracy and Defendant Shawna Cox's Motion (#1246) for Hearing Regarding Existence of Conspiracy.

2 -   ORDER DENYING MOTIONS (#1210, #1240, #1241, #1246, #1249, #1264, #1268, #1269) FILED BY DEFENDANTS SHAWNA COX AND RYAN BUNDY

## II. Motion (#1240) to Suppress All Evidence Purportedly Found in Electronic Devices Pursuant to Search Warrant Dated April 22, 2016, filed by Ryan Bundy and Shawna Cox

Shawna Cox and Ryan Bundy move to suppress as evidence the contents of 18 electronic-storage devices that the government seized at the times of the arrests of the various Defendants in this case. Those devices include 10 electronic-storage devices seized at the time that Cox and Ryan Bundy were arrested on January 26, 2016, and searched pursuant to a Warrant issued by Magistrate Judge Paul Papak on April 22, 2016. Cox and Ryan Bundy move to suppress the contents of those devices on the basis that the Warrant that authorized their search was overbroad.

"Probable cause is established if an affidavit presents a 'fair probability' that evidence of criminal activity will be found in the place to be searched." *United States v. Flores*, 802 F.3d 1028, 1043 (9th Cir. 2015)(quoting *Illinois v. Gates*, 462 U.S. 213, 238 (1983)). Probable cause in a search-warrant affidavit must be based on the material supplied by the affiant as well as "reasonable inferences" drawn from the material. *Gates*, 462 U.S. at 240. *See also United States v. Schesso*, 730 F.3d 1040, 1045 (9th Cir. 2013). When determining whether the warrant was supported by probable cause, the court gives "great deference" to the probable-cause determination of the issuing judge. *United States v. Grant*, 682 F.3d 827, 832 (9th Cir.

3 -   ORDER DENYING MOTIONS (#1210, #1240, #1241, #1246, #1249, #1264, #1268, #1269) FILED BY DEFENDANTS SHAWNA COX AND RYAN BUNDY

2012).  *See also Flores*, 802 F.3d at 1043.

To determine whether a warrant is sufficiently specific the court examines "both the warrant's breadth and particularity." *United States v. Wong*, 334 F.3d 831, 836 (9th Cir. 2003).  Three factors a court considers when analyzing the specificity and overbreadth of a warrant are:

> (1) whether probable cause existed to seize all items of a category described in the warrant; (2) whether the warrant set forth objective standards by which executing officers could differentiate items subject to seizure from those which were not; and (3) whether the government could have described the items more particularly in light of the information available.

*Flores*, 802 F.3d at 1044 (quoting *United States v. Le Shi*, 525 F.3d 709, 731-32 (9th Cir. 2008)).  *See also Wong*, 334 F.3d at 836-37.

Here the Warrant identifies with specificity the 18 electronic-storage devices to be searched by the type of device, the manufacturer, and the model name of each device.  In some circumstances the devices are also described using serial numbers.  The Warrant also describes in sufficient detail the search procedure that the government was required to employ.

The Warrant permitted the government to search for evidence of each of the crimes charged in the Superseding Indictment (#282), including:

> a.   Financial records, cancelled checks, cashier's checks and money order records,

4 -   ORDER DENYING MOTIONS (#1210, #1240, #1241, #1246, #1249, #1264, #1268, #1269) FILED BY DEFENDANTS SHAWNA COX AND RYAN BUNDY

        wire transfer records, records of credit card and automatic teller machine activity, including credit and/or debit cards related to travel to or from or occupation of the Malheur Wildlife National Refuge.

    b. Calendar books, log books, appointment books, and telephone number listings reflecting appointments, meetings, and travel schedules.

    c. Documents reflecting travel expenditures to include copies of travel tickets, hotel bills, gas receipts, and copies of payment items comprising evidence of expenditures and liabilities.

    d. Correspondence and communications between the above-referenced individuals.

    e. Photographs, video and audio recordings, records, and social media posts related to the planning, takeover, and occupation of the Malheur National Wildlife Refuge and the above-referenced individuals' presence in Harney County, Oregon.

    f. Information related to the possession, sale, transfer, and/or use of firearms and/or dangerous weapons.

    g. Contact lists, including e-mail addresses, telephone numbers, names, and addresses.

Defs.' Mot. (#1240-1), Ex. 1 at 36-37. In addition, the Warrant authorized the government to search for:

    2. Evidence of user attribution showing who used or owned the Subject Devices at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history.

    3. Records evidencing the use of the Internet, including:

5 -  ORDER DENYING MOTIONS (#1210, #1240, #1241, #1246, #1249, #1264, #1268, #1269) FILED BY DEFENDANTS SHAWNA COX AND RYAN BUNDY

        a.    Records of Internet Protocol addresses used.

        b.    Records of Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses.

        c.    Records of data storage accounts and use of data storage accounts.

4. As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.

*Id.*, Ex. 1 at 37-38.

The Court concludes the Warrant is not overbroad and is sufficiently specific to permit executing officers to differentiate the items subject to search from those that did not fall within the scope of the Warrant.

On this record, therefore, the Court **DENIES** the Motion (#1240) to Suppress All Evidence Purportedly Found in Electronic Devices Pursuant to Search Warrant Dated April 22, 2016.

### III. Shawna Cox's Motion (#1241) to Convert Pretrial Hearing to an Actual Jury Trial

In her Motion (#1241) to Convert Pretrial Hearing to an Actual Jury Trial, Cox moves to have a jury impaneled "to

6 -   ORDER DENYING MOTIONS (#1210, #1240, #1241, #1246, #1249, #1264, #1268, #1269) FILED BY DEFENDANTS SHAWNA COX AND RYAN BUNDY

determine the factual questions regarding the legal ownership of the Malheur, whether or not federal law controls as per agreement in [*United States v. Otley*, 127 F.2d 988 (9th Cir. 1942)] and whether or not the Malheur is within the property described in Article 1 section 8 of the United States Constitution."

Evidence relating to the factual ownership of the Malheur National Wildlife Refuge (MNWR) has been introduced at trial and is the subject of the government's Motion (#1229) for Judicial Notice Regarding Ownership of the MNWR Headquarters Area, which the Court will resolve by separate Order.  The Court notes, however, that factual evidence regarding the ownership of the MNWR is only relevant as background information regarding some of the property on which the events giving rise to the charged offenses took place.  In fact, the ownership of the MNWR is not an element of the charged offenses nor is it directly relevant to negate or to prove any such element.  The jury, therefore, will not be asked directly or indirectly to determine whether the federal government factually owns the MNWR.  In any event, legal determinations regarding federal jurisdiction are solely for the Court and not issues for the jury.

On this record, therefore, the Court **DENIES** Shawna Cox's Motion (#1241) to Convert Pretrial Hearing to an Actual Jury Trial.

7 -   ORDER DENYING MOTIONS (#1210, #1240, #1241, #1246, #1249,
      #1264, #1268, #1269) FILED BY DEFENDANTS SHAWNA COX AND RYAN
      BUNDY

**IV.   Shawna Cox's Motion (#1249) for Reconsideration**

Cox moves the Court to reconsider its Order (#1228) in which the Court denied Defendant Ammon Bundy's Motion (#1155) to Dismiss for Lack of Subject-Matter Jurisdiction re: Adverse Possession.

Although styled as a Motion for Reconsideration, the Court notes Cox raises separate and distinct arguments not directly related to the doctrine of adverse possession.  Instead Cox contends the United States government may not constitutionally exercise jurisdiction over the MNWR because it did not acquire the MNWR with the consent of the Oregon State Legislature pursuant to the Enclave Clause of Article I, Section 8, Clause 17, of the United States Constitution.  The Court, therefore, construes Cox's Motion for Reconsideration as another Motion to Dismiss for Lack of Subject-Matter Jurisdiction.

"The Property Clause of the Constitution states that '[t]he Congress shall have power to dispose of and make all needful Rules and Regulations respecting the Territory or other Property belonging to the United States.'"  *Confederated Tribes of the Siletz Indians of Oregon v. United States*, 110 F.3d 688, 694 (9th Cir. 1997)(quoting U.S. Const. art. IV, § 3, cl. 2)).  When the United States acquires property pursuant to the Property Clause, it may also exercise jurisdiction over those lands concurrently

8 -   ORDER DENYING MOTIONS (#1210, #1240, #1241, #1246, #1249, #1264, #1268, #1269) FILED BY DEFENDANTS SHAWNA COX AND RYAN BUNDY

with the jurisdiction of the state in which that property is located.[1]  As the Supreme Court has explained:

> [W]hile Congress can acquire exclusive or partial jurisdiction over lands within a State by the State's consent or cession, the presence or absence of such jurisdiction has nothing to do with Congress' powers under the Property Clause.  Absent consent or cession a State undoubtedly retains jurisdiction over federal lands within its territory, but Congress equally surely retains the power to enact legislation respecting those lands pursuant the Property Clause.

*Kleppe v. New Mexico*, 426 U.S. 529, 543 (1976).  *See also United States v. Bohn*, 622 F.3d 1129, 1133-34 (9th Cir. 2010).  "[E]ven over public land within the States," the federal government "'doubtless has a power over its own property analogous to the police power of the several states, and the extent to which it may go in the exercise of such power is measured by the exigencies of the particular case.'"  *Kleppe*, 426 U.S. at 540 (quoting *Camfield v. United States*, 167 U.S. 518, 525 (1897)).  Accordingly, Cox's arguments regarding the Enclave Clause are "beside the point" because the federal government may constitutionally exercise jurisdiction over the MNWR pursuant to the Property Clause.

Moreover, Cox's arguments fail for a more fundamental reason:  Even if there was a factual or legal scenario under

---

[1] Notably, at trial Harney County Sheriff David Ward testified the state exercised jurisdiction over the MNWR concurrently with federal jurisdiction over those lands.

9 -   ORDER DENYING MOTIONS (#1210, #1240, #1241, #1246, #1249, #1264, #1268, #1269) FILED BY DEFENDANTS SHAWNA COX AND RYAN BUNDY

which the federal government could not exercise jurisdiction over the MNWR, that fact would still not negate any element of any charged offense in this case. In particular, Cox does not cite any authority for the proposition that an alleged claim that the federal government lacks jurisdiction over a parcel of land somehow would negate a charge such as the conspiracy charged in Count One.

Accordingly, on this record the Court **DENIES** Cox's Motion (#1249) for Reconsideration construed as a Motion to Dismiss for Lack of Subject-Matter Jurisdiction.

**V.  Ryan Bundy's Motion (#1264) to Quash Jury Pool**

Ryan Bundy moves to quash the jury pool in this case on materially the same bases that Shawna Cox moved to do so in her Motion (#1186) to Dismiss filed September 2, 2016, and Motion (#1196) to Dismiss for Lack of Subject Matter Jurisdiction filed September 6, 2016.

For the same reasons that the Court denied those Motions in its September 20, 2016, Order (#1308), the Court finds Ryan Bundy's Motion is without merit. As previously established, the grand juries in this case were drawn from the Portland and Pendleton Jury Management Divisions pursuant to this Court's Juror Management Plan. *See* Decl. (#538) of Teresa Glover, Jury Administrator. The petit jury in this case was drawn from the

entirety of the District of Oregon.[2]  *See* Order (#599) Directing Clerk to Issue Jury Summonses (issued May 24, 2016).

On this record, therefore, the Court **DENIES** Ryan Bundy's Motion (#1264) to Quash Jury Pool.

**VI. Ryan Bundy Motion (#1268) for Continuance**

In his Motion (#1268) for Continuance filed September 13, 2016, Ryan Bundy seeks to continue the trial that began on September 7, 2016, on the basis that the government has not provided "extensive documentary discovery" and that Ryan Bundy, therefore, requires additional time.

At the outset the Court notes Ryan Bundy filed his Motion almost one week after the trial began with *voir dire*, and, therefore, any Motion to Continue the trial date is now moot.  In any event, Bundy has failed to show good cause to grant a continuance.  The Court notes the government has provided voluminous discovery to Defendants throughout this case and that discovery has been made available through a third-party vendor contracted by the Criminal Justice Act Panel Office within the

---

[2] The 19 petit jurors currently seated are from the following counties:  five jurors from Lane County, four jurors from Washington County, two jurors from Clackamas County, two jurors from Multnomah County (in which this trial is taking place), one juror from Hood River County, one juror from Marion County, one juror from Columbia County, one juror from Baker County, one juror from Deschutes County, and one juror from Umatilla County.

11 - ORDER DENYING MOTIONS (#1210, #1240, #1241, #1246, #1249, #1264, #1268, #1269) FILED BY DEFENDANTS SHAWNA COX AND RYAN BUNDY

Federal Public Defender's Office.  Although the government is subject to ongoing discovery obligations, including some that are triggered when certain witnesses testify at trial, those ongoing obligations do not justify a continuance or a mistrial.

The Court also notes other Defendants have used that discovery repeatedly throughout the very active pretrial litigation and at trial.  Finally, the Court has made considerable effort through the assistance of the Honorable Robert E. Jones, Senior United States District Judge, to facilitate Ryan Bundy's access to discovery notwithstanding his *pro se* and in-custody status.  *See* Decl. (#982) of Hon. Robert E. Jones.

In summary, there is not any basis, therefore, for Ryan Bundy's contention that he has not been provided discovery.

On this record, therefore, the Court **DENIES** Ryan Bundy's Motion (#1268) for Continuance.

**VII. Ryan Bundy's Motion (#1269) to Prohibit the Introduction of Evidence by U.S. Attorneys for Failure to File an Adequate Bill of Particulars**

Ryan Bundy moves broadly to prohibit the government from introducing unspecified evidence at trial on the basis that the government's bill of particulars was inadequate, and, therefore, Ryan Bundy did not have sufficient notice of the basis of the charges in the Superseding Indictment (#282).

12 - ORDER DENYING MOTIONS (#1210, #1240, #1241, #1246, #1249, #1264, #1268, #1269) FILED BY DEFENDANTS SHAWNA COX AND RYAN BUNDY

Ryan Bundy's Motion is untimely.  By Order (#614) on Defendants' Motion for Bill of Particulars issued May 26, 2016, the Court denied a Motion (#469) for Bill of Particulars filed by Defendant Joseph O'Shaughnessy on behalf of all Defendants.  In the exercise of its case-management discretion, however, the Court, nevertheless, directed the government at that time to provide to each Defendant no later than June 6, 2016, "a statement of the primary factual basis for each Count as to which the government intends to proceed to trial against such Defendant and a statement as to whether the government asserts a particular Defendant's alleged criminal liability is as a principal and/or as an aider and abettor."  Order (#614) on Defs.' Mot. for Bill of Particulars at 2.  The purpose of the Court's direction was "for the government to provide each Defendant a basic, factual orientation to the government's theories of liability in order to address Defendants' concerns about alleged factual misidentifications [in early discovery] and to reassure Defendants that their motion and trial preparation efforts are meaningfully directed and not wasted."  *Id.* at 7.

Pursuant to that Order, the government provided the factual summary to Ryan Bundy on June 6, 2016, but now, three months later and after trial has commenced, Ryan Bundy contends that factual summary was inadequate.  The Court notes Ryan Bundy has

13 - ORDER DENYING MOTIONS (#1210, #1240, #1241, #1246, #1249,
     #1264, #1268, #1269) FILED BY DEFENDANTS SHAWNA COX AND RYAN
     BUNDY

not made that disclosure part of the record, and, therefore, the Court cannot assess whether the factual summary provided to Ryan Bundy sufficiently complied with the Court's May 26, 2016, Order.

In any event, the Court denies Ryan Bundy's Motion on the separate bases that (1) it is untimely and, (2) to the extent that Ryan Bundy believed the government's June 6, 2016, disclosure was inadequate, he waived that objection when he failed to raise it for more than three months after the government made the disclosure and did not file his Motion until after trial began.

Accordingly, on this record the Court **DENIES** Ryan Bundy's Motion (#1269) to Prohibit the Introduction of Evidence by U.S. Attorneys for Failure to File an Adequate Bill of Particulars.

IT IS SO ORDERED.

DATED this 21st day of September, 2016.

/s/ Anna J. Brown
_____
ANNA J. BROWN
United States District Judge